Reuven L. Cohen (Bar No. 231915)
Email: rcohen@cohen-williams.com
Marc S. Williams (Bar No. 198913)
Email: mwilliams@cohen-williams.com
Michael V. Schafler (Bar No. 212164)
Email: mschafler@cohen-williams.com
Atoosa N. Esmaili (Bar No. 308178)
Email: aesmaili@cohen-williams.com
Joseph (Yusuf) Saei (Bar No. 321341)
Email: ysaei@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorneys for Defendant NATHAN YOUNG

COHEN WILLIAMS LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

NATHAN YOUNG and DAVID YOUNG,

Defendants.

Case No. 2:26-mj-05996-DUTY

**STIPULATION RE MODIFICATION OF BOND CONDITIONS FOR DEFENDANTS NATHAN YOUNG AND DAVID YOUNG**

*Filed concurrently with [Proposed] Order*

Judge: Hon. Steve Kim
PIA Date: November 12, 2026

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff United States of America, by and through its counsel of record, U.S. Department of Justice Trial Attorneys Siobhan M. Namazi and Erika Suhr, and Defendants Nathan Young and David Young (together, "Defendants"), by and through their respective counsel of record, Reuven L. Cohen, Marc S. Williams, Michael V Schafler, Atoosa N. Esmaili, and Joseph E. Saei (for Nathan Young), and Michael Tremonte and Noam Biale (for David Young), as follows:

1. WHEREAS on October 15, 2026, Defendants made their initial appearances on the complaint in this matter before the Honorable Steve Kim, United States Magistrate Judge. The Court ordered each Defendant released on a $4,000,000 bond subject to conditions of release. ECF No. 8 (Nathan Young); ECF No. 17 (David Young). Those conditions include, among others, that each Defendant (a) participate in home detention with location (electronic) monitoring; (b) not be employed in substance abuse programs/treatment; (c) avoid all contact, direct or indirect, with any known witness; (d) not sell, transfer, or give away any asset valued over $5,000 without notifying and obtaining permission from the Court, except for attorney's fees; and (e) disclose to Pretrial Services and the government any asset and other property information.

2. WHEREAS at the hearing, the Court acknowledged that a reasonable transition period was necessary for Defendants to comply with the employment condition, and directed the parties to meet and confer concerning the scope of that condition and the details of the asset-disclosure condition. ECF No. 8 at 6; ECF No. 17 at 6. On October 21, 2026, defense counsel sent the government a letter proposing modifications to Defendants' conditions of release, and the parties are meeting and conferring on these issues.

3. WHEREAS to comply with the employment condition, Defendants must wind down the substance use disorder ("SUD") treatment facilities with which they are associated in an orderly manner that protects patients, employees, and staff. Among other things, payroll is due on Friday, October 23, 2026, for work performed during a pay



COHEN WILLIAMS LLP

period that began before Defendants' arrests and essential patient expenses such as food must be paid.

4. WHEREAS the processing of October 23, 2026 payroll may require Defendants to communicate with employees and staff of the SUD treatment facilities, and will require payments from the entity accounts that exceed $5,000.

NOW THEREFORE, the parties hereby stipulate and agree that the conditions of each Defendant's release (ECF Nos. 8, 17) be modified as follows, and respectfully request that the Court enter the concurrently lodged proposed order forthwith so that payroll for October 23, 2026 may be processed:

(a) The condition prohibiting the sale, transfer, or gift of any asset valued over $5,000 without notice to and permission from the Court does not apply to payments necessary to effectuate payroll on October 23, 2026 in the ordinary course for past work.

(b) The condition prohibiting the sale, transfer, or gift of any asset valued over $5,000 without notice to and permission from the Court does not apply to payments for essential patient expenses (such as food) during the course of the next week while the Parties continue to meet and confer concerning Defendants' bond conditions.

(c) Defendants may communicate with employees and staff to the extent necessary to process payroll on October 23, 2026 and to make essential patient expense payments during the course of the next week while the Parties continue to meet and confer concerning Defendants' bond conditions.

5. The Parties will continue to meet and confer in good faith on the other conditions of release.



COHEN WILLIAMS LLP

IT IS SO STIPULATED.

Respectfully submitted,

Dated: October 22, 2026

**COHEN WILLIAMS LLP**

By: */s/ Reuven L. Cohen*
Reuven L. Cohen
Marc S. Williams
Michael V Schafler
Atoosa N. Esmaili
Joseph E. Saei
Attorneys for Defendant
Nathan Young

Dated: October 22, 2026

**SHER TREMONTE LLP**

By: */s/ Michael Tremonte*
Michael Tremonte
Noam Biale
Attorneys for Defendant
David Young

Dated: October 22, 2026

**UNITED STATES DEPARTMENT OF JUSTICE**

By: */s/ Siobhan M. Namazi*
Siobhan M. Namazi
Erika Suhr
Attorneys for Plaintiff
United States of America



COHEN WILLIAMS LLP

COHEN WILLIAMS LLP

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Reuven L. Cohen, attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Reuven L. Cohen*
Reuven L. Cohen